**Joan HESS, Appellant,**

**v.**

**E. B. BENNETT and Jack E. Bennett, doing business as E. B. Bennett & Son, and Marion M. Hughes, Appellees.**

**No. 15359.**

United States Court of Appeals Ninth Circuit.

June 4, 1957.

Banta, Silven & Horton, John S. Horton, Baker, Or., Thomas Y. Gwilliam, Nampa, Idaho, for appellant.

Maguire, Shields, Morrison & Bailey, Walter Cosgrave, Portland, Or., for appellees.

Before HEALY, BONE, and FEE, Circuit Judges.

HEALY, Circuit Judge.

This is an action by appellant, based on diversity of citizenship, to recover from appellees damages for personal injuries suffered while a passenger in an automobile driven by appellee Marion Hughes and owned by appellees Bennett. The cause was tried to a jury and eventuated in a verdict and judgment adverse to appellant.

The Bennetts are automobile dealers at Burns, Oregon, and Hughes was one of their employees. On the occasion in question Hughes was authorized by the Bennetts to take a certain 1949 Mercury car owned by them from Burns, Oregon, and deliver it at Portland. With the Bennetts' permission Hughes invited his sister Joan Hess (the appellant), and Jerry Hess, her husband, to accompany him on the trip. It appears that some weeks previously Hughes had driven this car on another trip and had had trouble with the door on the driver's side, and had to tie it shut. A new latch was then placed on the door by a mechanic in the Bennetts' employ at their garage. There was no evidence that this car door had ever opened while the vehicle was being operated; the difficulty referred to in the testimony related only to the matter of getting it closed. Nor was there evidence that any condition of the door caused it to open on the occasion of the accident giving rise to this litigation.

On the day involved here the trio, composed of Hughes, as driver, and Joan and Jerry Hess, left Burns for Portland. Upon leaving Salem, Oregon, Hughes was driving. Sitting next to him was appellant, and next to her was her husband. The accident causing ap-

pellant's injury occurred some distance out of Salem when Hughes pulled out from his lane of traffic to follow a car immediately in front of him, which in turn had pulled out to pass a car ahead of it. The automobile Hughes was following passed the third car and returned to its proper lane, at which point Hughes observed a truck approaching from the opposite direction, leaving him with insufficient room to continue passing and regain his proper lane. He applied the brakes and the car swerved and started to skid sideways down the highway. Hughes was thrown against the left-hand door, which opened, precipitating him out on the highway. Appellant, also, was thrown to her left and out the door, thereby sustaining injury. There was no collision with any other car. The speed at which Hughes was driving in the attempt to pass was estimated by him at 60 to 65 miles per hour, by Jerry Hess at 60 to 65, maybe 70 miles, and by appellant at 70 or 75 miles.[1]

Oregon has a statute concerning actions by motor vehicle guest passengers (ORS 30.110) reading as follows:

> "No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication or his reckless disregard of the rights of others."

It is conceded that appellant was a guest passenger within the meaning of this enactment.

As construed by the Oregon Supreme Court the statute requires for recovery proof of a degree of negligence bordering on wanton and willful conduct. Keefer v. Givens, 191 Or. 611, 232 P.2d 808; Rauch v. Stecklein, 142 Or. 286, 20 P.2d 387.

Taking the circumstances as testified to or admitted by appellant herself, little if anything more appears than that Hughes, traveling at a somewhat rapid rate of speed, attempted to pass a car while his view was partially obstructed by a car of young people he was said to be following. There is nothing to indicate that he failed to act reasonably once he observed the oncoming truck and thus was apprised of the necessity of getting back in his own lane. While the circumstances might be thought to show a measure of carelessness on the part of Hughes, the evidence appears to us wholly insufficient to support a verdict for appellant under the terms of the Oregon guest statute as construed by the Supreme Court of that state.

At the close of appellant's case appellees moved for a dismissal on the ground that there was no evidence of gross negligence on their part, and this motion was renewed at the close of all the evidence. The motions were denied. We are of opinion that appellant's showing of negligence was insufficient as a matter of law to meet the requirements of the Oregon statute and decisions and that a verdict for appellees should have been directed. This being so, and a verdict for appellees having been returned by the jury, it is unnecessary to consider the various other questions discussed by counsel.

Affirmed.

1. Prior to the trial appellees had taken appellant's deposition. In the course of her cross examination on the trial she was questioned about statements she had made in the deposition concerning the accident and her brother's driving at the time. She admitted having made the statements and did not question their correctness. One of them was an affirmative answer to a question whether her brother, on leaving Salem, was proceeding along with the rest of the traffic.